Filed 7/17/14  P. v. Morales CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060097 |
| v. | (Super.Ct.No. INF1300716) |
| DENNIS MORALES, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge.
Affirmed

Nikoo N. Berenji, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## INTRODUCTION

An information charged defendant and appellant Dennis Delgado Morales with attempted robbery under Penal Code[1] sections 664 and 211 (count 1), with the allegation that he personally used a firearm under sections 1192.7, subdivision (c)(8) and 12022.53, subdivision (b) (count 1); possessing a firearm after having been convicted of a felony and identified as a drug addict under section 29800, subdivision (a)(1) (count 2); and misdemeanor vandalism under section 594 (count 3).  The information also alleged one strike prior under sections 667, subdivisions (a), (c), (e)(1), and 1170.12, subdivision (c)(1); and four prison priors under section 667.5, subdivision (b).

Prior to trial, defendant pled guilty to count 3, a misdemeanor.  However, sentencing on count 3 was deferred pending the conclusion of the jury trial on the remaining counts.

After the prosecutor presented its case-in-chief, the parties informed the court that they had reached an agreement to settle the case.  The information was amended to add count 4, assault with a deadly weapon under section 245, subdivision (a)(2).  Thereafter, defendant pled guilty to count 4 and admitted the prior strike.

The court accepted the plea, based on defendant's statement and the evidence that had been presented at trial.

---

[1]     All statutory references are to the Penal Code unless otherwise specified.

At the sentencing hearing, defendant moved to withdraw his plea based on the fact that he had pled guilty under duress. The court denied the motion.

The trial court sentenced defendant on count 4 pursuant to the terms of the negotiated plea agreement to a midterm of three years, which was doubled to six years because of the admitted prior strike. Defendant was also ordered to pay a restitution fine of $280 and a stayed revocation fine of $280. As to count 3, the trial court sentenced defendant to 184 days, or time served. Defendant was also ordered to pay $628.32 in victim restitution. All remaining counts and allegations were dismissed.

Defendant filed a timely notice of appeal. The trial court granted defendant's request for a certificate of probable cause.

## II

## STATEMENT OF FACTS

The trial court found a factual basis for defendant's plea to count 4, assault with a deadly weapon, based on defendant's admissions and the evidence presented at trial. As to count 3, because the guilty plea on that count is not at issue, those facts will not be discussed.

On March 24, 2013, around 2:00 p.m., defendant arrived on foot at Ramon Rodriguez's home located on Fourth Street in Mecca, California. Rodriguez had been sitting on a bench in the front yard of his home. Defendant walked into the front yard and began to speak to Rodriguez about an incident that had occurred approximately twenty years prior; Rodriguez had accidentally shot defendant's brother in the foot.

3

Defendant appeared upset over the incident, indicated that he would not forget it, and asked Rodriguez what he intended to do about it.

When he was speaking, defendant put on gloves and pulled out a weapon. Rodriguez believed that the gun's magazine was loaded. At some point during the exchange, defendant pointed the gun down at the ground and asked Rodriguez, "What if someone shot you like this?"

## III

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

# IV

# DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI

J.

We concur:

RAMIREZ

P. J.

MILLER

J.